### AARON COX *v.* COMMONWEALTH.

**Criminal Law—Arrest of Judgment—Demurrer.**
> In a criminal charge the defect in an indictment should have been taken advantage of by demurrer.

**Arrest of Judgment.**
> A motion for an arrest of judgment in a criminal case will not be sustained when a public offense is charged in the indictment.

APPEAL FROM GREEN CIRCUIT COURT.

June 29, 1875.

OPINION BY JUDGE PRYOR:

The defect complained of in the indictment should have been taken advantage of by demurrer. The judgment will not be arrested when a public offense is charged. To steal hogs is larceny, and the guilty party is subjected to punishment. If the offense is not stated with that particularity to make it a good indictment the accused must demur. The facts as stated, if true, make the party guilty of a criminal offense; and it is only in a case where the indictment fails to charge any offense that the motion to arrest the judgment can be sustained. The evidence conduces to show that the hogs strayed from the possession of the alleged owner. The court, in Instruction No. 5, assumes that the hogs were stolen, and the abstract proposition of law, as there presented, requires the accused to explain his possession or his guilt is established. It also directs the attention of the jury more particularly to this cir-

cumstance, the fact of possession, than any other fact in the case. The instruction should not have been given, but the fact of the possession submitted to the jury, like any other fact in the case. Undue importance should not be given to any part of the testimony in a criminal prosecution.

Judgment *reversed* and cause remanded with directions to award the appellant a new trial.

*John W. Lewis, Winfrey & Winfrey, James W. Gorin, for appellant. John Rodman, for appellee.*